IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

FREDRICK D. CALHOUN                                                            PLAINTIFF

v.                                                                         No. 3:15CV125-MPM-DAS

TIMOTHY OUTLAW, ET AL.                                                        DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Fredrick D. Calhoun, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the defendants failed to protect him from the attack of another inmate. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On March 2, 2015, while Fredrick D. Calhoun was housed at the Marshall County Correctional Facility in Holly Springs, Mississippi, inmate Timothy Wallace, using a padlock wrapped in a sock, struck Calhoun in the head and hand while he was sleeping, leaving him with a knot on his head and a broken finger. Calhoun jumped up and wrestled Wallace for control of the makeshift weapon. Two guards, Randall and Snipe, watched the altercation from the window, and, when a "Code Black" was called, they and other guards entered the zone, broke up the fracas, and tried to sort out what had happened. Calhoun gave them his version of events, which was corroborated by inmate Love, who gave his statement to Lieutenant Taylor.

Both Calhoun and Wallace were placed in Administrative Segregation until prison authorities could investigate the matter. After three hours, Calhoun was taken to medical, where he was

examined, and medical staff referred him for x-rays, but did not prescribe pain medication. Medical staff informed Calhoun that only a doctor could prescribe pain medication. Calhoun was then placed back in Administrative Segregation, where he was separated from other inmates. Prison staff issued Rule Violation Reports to both inmates.

Calhoun repeatedly asked why he was placed in Administrative Segregation when he was the victim, but no one would give him a definitive answer.[1] He was taken for x-rays a week later, and medical staff denied his request for pain medication. He was returned to Administrative Segregation for another three weeks, when Warden Timothy Outlaw asked Calhoun if his dispute with inmate Wallace was over. Outlaw released Wallace from Administrative Segregation first, then Calhoun.

After his release, Calhoun could not return to his prison job until his finger healed. Calhoun then asked Warden Doty (through a grievance form) why he could not return to his prison job, as he had not been found guilty of a Rule Violation Report, but Doty never responded. Eventually, the Rule Violation Reports against Calhoun and Wallace were dismissed. Calhoun believes that the disciplinary committee should have found Wallace guilty based upon the evidence.

**Failure to Protect**

Hollingsworth claims that the defendants failed to protect him from the attack by inmate Wallace. "The Eighth Amendment affords prisoners protection against injury at the hands of other inmates." *Johnson v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986) (citations omitted). Deliberate indifference "[is] the proper standard to apply in the context of convicted prisoners who claim[] denial of medical care or the failure to protect." *Grabowski v. Jackson County Public Defenders Office*, 47

---

[1] From long experience, the court is aware that almost all physical altercations in Mississippi prisons lead to the participants' immediate placement in Administrative Segregation – isolation of the inmates involved for their own safety, and that of other inmates and prison guards. During that time, prison authorities conduct an investigation to identify the instigators, the victims, and the potential for the initial altercation to ignite others or continue if the participants are released into the general prison population.

F.3d 1386, 1396 (5th Cir. 1995). A prisoner plaintiff cannot show that a prison official showed deliberate indifference unless he can show that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety;" indeed, the official must have been aware of facts giving rise to an inference that a substantial risk of serious harm existed – and he must have drawn that inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). An inmate pursuing a claim for failure to protect may prove his claim by showing that the defendants knew of a specific threat to him but failed to take measures to protect from it. *Id.* at 843. However, even in the absence of specific threat, an inmate may prove a claim of failure to protect if he can show that he was placed in a prison environment "where terror reigns." *Jones v. Diamond*, 636 F.2d 1364 (5th Cir. 1981), overruled on other grounds by *International Woodworkers of America, AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.*, 790 F.2d 1174 (5th Cir. 1986). This situation arises in a jail or prison where officials permit violent offenders to hold sway over part or all of the facility – creating "a pervasive risk of harm and a failure to take reasonable steps to prevent the known risk." *Stokes v. Delcambre,* 710 F.2d 1120 (5th Cir. 1983) (sheriff housed college students arrested on a non-violent misdemeanor charge with a dozen inmates charged with violent felonies – leading to the students' severe beating and rape). Indeed, "it does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk." *Farmer*, 511 U.S. at 843.

In the present case, Calhoun has made no allegation that he or prison officials had reason to believe that Wallace might attack him, and he certainly has not alleged that he was housed in an area "where terror reigns." *Jones, supra.* If, prior to the attack, there was no cause to believe that Wallace posed a specific threat to the plaintiff, then the defendants cannot be held liable for failure to protect him from such a threat. For this reason, the plaintiff's claim based upon the failure of the defendants

to protect him must be dismissed for failure to state a claim upon which relief could be granted.

## Conclusion

For the reasons set forth above, the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 31st day of August, 2015.

> **/s/ MICHAEL P. MILLS**
> **UNITED STATES DISTRICT JUDGE**
> **NORTHERN DISTRICT OF MISSISSIPPI**